09-2644-cr
USA v. Rabbani

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OF AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of June, two thousand ten.

PRESENT:     WILFRED FEINBERG,
             ROBERT D. SACK,
             PETER W. HALL,
                      *Circuit Judges.*

---

UNITED STATES OF AMERICA,
          *Appellee,*

                              v.                    09-2644-cr

MANSOOR RABBANI, also known as
Mansoor Rabbini
          *Defendant-Appellant.*

---

Appearing for Appellant:        KIMBERLY A. SCHECHTER, Federal Public Defenders Office
                                for the Western District of New York, Buffalo, New York.

Appearing for Appellee:         STEPHAN J. BACZYNSKI, Assistant United States Attorney,
                                *for* William J. Hochul, United States Attorney for the
                                Western District of New York, Buffalo, New York.

Appeal from the United States District Court for the Western District of New York

(Richard J. Arcara, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Mansoor Rabbani appeals from a June 9, 2009 judgment of the United States District Court for the Western District of New York (Arcara, *C.J.*), sentencing him to 36 months of imprisonment. We assume the parties' familiarity with the facts and procedural history, which we reference only to the extent necessary to explain the order of this court.

A jury found Rabbani guilty of four criminal offenses in connection with his attempt to bring an alien, Iftikhar Virk, into the United States for financial gain.[1] A border patrol agent detained and arrested Rabbani and Virk as they attempted to cross into the United States in Rabbani's car. The documentation proffered by Virk at the border turned out to belong to Jaskaran Singh, an individual proven at trial to be an acquaintance of Rabbani's. Further evidence showed that Rabbani called Singh the day before his arrest and that Singh attempted to call Rabbani four times on the morning following Rabbani's arrest. Virk testified that he paid Rabbani $8000 for passage to the United States, and that Virk obtained the money from a friend in Canada, Kamaran Khan, who was to be reimbursed, and was reimbursed, by Virk's brother, Zolfgar Virk.

On appeal, Rabbani challenges (i) an evidentiary ruling allowing into the record his and Singh's cell phone billing statements,[2] including call histories, as well as (ii) the district court's

---

[1] Rabbani was convicted of bringing in and harboring aliens for the purposes of financial gain, 8 U.S.C. §§ 1324(a)(1)(A)(iv), and (a)(1)(B)(i), attempting to bring in and harbor aliens by means of a motor vehicle for the purpose of financial gain, 8 U.S.C. § 1324(a)(2)(B)(ii), making a materially false statement within the jurisdiction of the executive branch of the U.S. government, 18 U.S.C. § 1001(a)(2), and misuse of a passport, 18 U.S.C. § 1544.

[2] For the sake of clarity we reference "*Singh's* cell phone billing statement." The record is clear, however, that the relevant cellular account was under the name of Tanvir Ahmad, a friend of Singh. Singh testified that Ahmad had two phones registered under a single cellular plan, that Singh used one of those phones, and that Singh and Ahmad split the bill.

refusal to include in its jury charge a missing witness instruction with respect to Kamaran Khan and Zolfgar Virk. We review both rulings for abuse of discretion. *See, e.g., United States v. Mercado,* 573 F.3d 138, 141 (2d Cir. 2009); *United States v. Gaskin,* 364 F.3d 438, 463 (2d Cir. 2004). We require a showing of actual prejudice in order to reverse on the grounds of a missing witness charge. *Gaskin,* 364 F.3d at 463.

[a]    **Admission of Cell Phone Call Records**

Rabbani argues that the district court abused its discretion in admitting his and Singh's cell phone records because of numerous occasions where an outgoing call from Rabbani to Singh was identified on Rabbani's telephone bill but no corresponding incoming call was recorded on Singh's telephone bill. The court ruled that any putative inconsistencies between the records would pertain to the weight of the evidence, not admissibility. "The determination of whether a record is sufficiently reliable to warrant its admission is within the 'sound discretion' of the district court." *United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995). This Circuit has "adopted 'a generous view' of the business records exception, 'construing it to favor [] the admission of evidence . . . if it has any probative value at all.'" *Id.* (quoting *United States v. Freiden,* 849 F.2d 716, 722 (2d Cir. 1988)). A review of the relevant exhibits suggests that the records were not in any way inconsistent. Even if the records were inconsistent, any error in their admission was harmless because substantial evidence established a relationship between Rabbani and Singh and their attempts at communication immediately following Rabbani's arrest. *See, e.g., United States v. Paulino,* 445 F.3d 211, 219 (2d Cir. 2006) (finding harmless error when "other evidence overwhelmingly established [the defendant's] culpability with respect to the charged crime.").

3

**[b]     Missing Witness Instruction**

"A missing witness charge permitting the jury to infer that the testimony of an unproduced witness would have favored one party is appropriate if production of the witness is 'peculiarly within [the] power' of the other party." *United States v. Nichols*, 912 F.2d 598, 601 (2d Cir. 1990) (quoting *United States v. Torres,* 845 F.2d 1165, 1169 (2d Cir. 1988)).  Rabbani asserts that because Kamaran Khan and Zolfgar Virk were peculiarly within the power of the government to produce as witnesses, the district court erred in denying Rabbani's request to charge the jury with a missing witness instruction.  "[W]hen a witness is equally available to both sides, the failure to produce is open to an inference against both parties." *Torres,* 845 F.2d at 1169 (internal quotations omitted and emphasis removed).  "Whether or not such a 'missing witness' charge should be given lies in the sound discretion of the trial court." *United States v. Miranda*, 526 F.2d 1319, 1330-31 (2d Cir. 1975).  "We are particularly disinclined to second-guess [district courts'] decisions where, as in this case, a judge refrains from commenting on the inference to be drawn on the facts before the jury and allows counsel instead to argue the inference." *Gaskin,* 364 F.3d at 463 (internal quotation marks omitted).

Rabbani has made no showing that the government "had it peculiarly within its power to produce" Khan. *United States v. Myerson,* 18 F.3d 153, 158 (2d Cir. 1994).  "'[T]he 'availability' of a witness . . . depend[s] . . . on all the facts and circumstances bearing upon the witness's relation to the parties, rather than merely on physical presence or accessibility.'" *Torres*, 845 F.2d at 1170 (quoting *United States v. Rollins,* 487 F.2d 409, 412 (2d Cir. 1973)).  Rabbani has not shown that Khan was ever even accessible to the government.  The government stated at trial that they first learned of Khan's existence during Virk's testimony, and, in response to the court's

inquiry as to Khan's whereabouts, the government stated that "[t]here is no hope of getting an address or any identifiers on him."

With respect to Zolfgar Virk, the record shows that he was equally available to both Rabbani and the government. While Rabbani did not learn of Zolfgar Virk until he was mentioned during Iftikhar Virk's testimony during trial, Rabbani also learned that Zolfgar lived in Brooklyn, N.Y. with Iftikhar. Rabbani could have requested an adjournment in order to subpoena Zolfgar as a witness. *See United States v. Crisona,* 416 F.2d 107, 118 (2d Cir. 1969) (explaining that the court did not err in charging the jury that "[i]n a federal criminal trial both the government and a defendant are entitled to receive from the clerk of the court a subpoena calling for the attendance of a witness, and no matter where the witness lives in the United States, he is required to appear when served," and that the failure of either side to call a witness who could have been served with such a subpoena allows the jury to "infer that his or their testimony might have been unfavorable to either the government or to a defendant . . . [or] to draw no inference at all."). In her closing statement, moreover, Rabbani's counsel was permitted to make a missing witness argument to the jury. *See Gaskin,* 364 F.3d at 463. Accordingly, the district court did not abuse its discretion in refusing to deliver a missing witness instruction to the jury.

For the reasons stated above we AFFIRM the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5